```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION
                      3:05CV205-MU
```

| | | |
|---|---|---|
| **BENJAMIN F. HOWARD,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | <u>**ORDER**</u> |
| | ) | |
| **TODD PINION, Supt.,** | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on petitioner's Petition Under 28 U.S.C. §2254 For Writ Of <u>Habeas Corpus</u> . . . ," filed May 2, 2005.

By the subject Petition, the petitioner alleges that he was subjected to ineffective assistance of counsel due to his former attorney's failure to obtain a Committed Youthful Offender benefit hearing for him at the time of his sentencing proceeding, and his failure to present appropriate evidence in favor of securing a CYO designation for the petitioner. The petitioner also alleges that the sentencing Court erred in failing to conduct such hearing for him.

In addition, the petitioner obviously was well aware that his Petition might be deemed time-barred due to his failure to have filed it within one year of the date on which his convictions and sentences--which he did not appeal--became final. Thus, in addition to his claims, the petitioner contends that this

matter should not be dismissed as untimely because once the time during which he pursued collateral review in State court properly is excluded from the calculations, the record will establish that he, in fact, filed this matter within one year of his March 10, 2004 discovery of the facts underlying these claims.

After initial review of the petitioner's Petition, the undersigned finds that the Attorney General for the State of North Carolina should be required to file an Answer, detailing petitioner's allegations--including his argument that this Petition was timely filed--and responding to each of those claims.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That no later than forty (40) days from the receipt of this Order, the Attorney General for the State of North Carolina shall file an Answer, directly responding to all of the petitioner's allegations as set forth above; and

2. That the Clerk shall send a copy of this Order to the petitioner and to the North Carolina Attorney General.

**SO ORDERED.**

**Signed: June 1, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge