IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV205MU-02

BENJAMIN FRANKLIN HOWARD,   )
    Petitioner,            )
                            )
    v.                      )           ORDER
                            )
TODD PINION, Supt.,         )
    Respondent.            )
_____ )

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed May 2, 2005; and on the respondent's "Motion For Summary Judgment And Answer To Petition . . ," filed June 27, 2005. For the reasons stated herein, and for the further reasons stated in the respondent's Motion for Summary Judgment, the instant Petition will be dismissed.

According to the record of this matter, on or about November 4, 1992, the petitioner appeared before the Superior Court of Mecklenburg County and pled guilty to Second Degree Murder, Armed Robbery, Assault with a Deadly Weapon with Intent to Kill, and Assault with a Deadly Weapon Inflicting Serious Injury. On the occasion of his convictions, the Court sentenced the petitioner to terms of Life plus 20 years imprisonment.

The petitioner did not appeal his conviction or sentence. Rather, after about an eleven year delay, on April 26, 2004, the

petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County.  By an Order dated May 11, 2004, the petitioner's MAR was summarily denied upon a finding that it "fail[ed] to state a claim upon which relief [could] be granted."  The petitioner's Petition for a Writ of Certiorari was denied by the State Court of Appeals on June 25, 2004; and his Petition for Discretionary Review (along with certain other miscellaneous pleadings) was dismissed on February 3, 2005.

Undaunted by his delay or his lack of success, on May 2, 2005, the petitioner filed the instant federal <u>habeas</u> Petition in this Court.  By this Petition, the petitioner contends that he was subjected to instances of ineffective assistance of counsel due to his trial attorney's failure to pursue a particular strategy; and that he was subjected to sentencing error by the trial Court.  Furthermore, inasmuch as it was apparent to the petitioner that his Petition likely was time-barred, the petitioner also asserted that his Petition should not be dismissed on that basis because he only recently had discovered the facts which gave rise to the claims in his Petition.

Although this Court was not convinced by the petitioner's representations regarding the timeliness of his Petition, it directed the respondent to file a response to the Petition, including his assertion that such Petition was not time-barred.

To that end, on June 17, 2005, the respondent filed his combined Motion for Summary Judgment and Answer.  Chiefly, the

respondent's pleading makes several convincing arguments in favor of summary judgment.  Indeed, the respondent first argued that the instant Habeas Petition was not timely filed because, notwithstanding the date of his actual discovery, more than one year elapsed from the time that the petitioner could have discovered the factual predicates for his claims.  Second, the respondent argued that the petitioner is not entitled to equitable tolling of the expired limitations period; and that his claims are foreclosed by relevant precedent in any event.

That is, the respondent argued that the record does not support the petitioner's allegation that his federal rights were violated by his attorney's failure to seek, or the trial Court's failure to provide, a "no-benefit" so that the petitioner could have pursued a sentence as a Committed Youthful Offender.  See Short v. Garrison, 678 F.2d 364 (4th Cir. 1982) (failure to seek no-benefit hearing for 16 year old charged with murder was, at best, State law error in sentencing procedures which did not rise to level of equal protection or due process violations); and Porter v. Newkirk, 539 F.Supp. 150 (E.D.N.C. 1982) (failure to make no-benefit finding under State law statute is not a federal constitutional violation warranting federal habeas relief).  Therefore, the respondent asked this Court to summarily dismiss the petitioner's Petition.

After reviewing the respondent's Motion for Summary Judgment and his supporting Memorandum, on June 27, 2005, the undersigned

entered its standard Roseboro-type Order.  Such Order explained to the petitioner that it appeared that the respondent was entitled to a judgment as a matter of law, and it directed him to file a response to the respondent's Motion.  By the terms of that Order, the petitioner's response had to be filed with this Court within 30 days, that is, no later than July 28, 2005.

Notwithstanding the Court's efforts, the petitioner's filing deadline has passed, and still he has <u>not</u> filed a response or any other document in opposition to the respondent's Motion.  Nor has the petitioner sought an extension of time in which to file a response to the respondent's Motion for Summary Judgment.

Accordingly, inasmuch as the petitioner has failed to rebut the respondent's evidentiary forecast, which forecast tends to demonstrate both that the petitioner's Petition was not timely filed, and that the claims therein set forth are baseless, the Court concludes that the respondent's Motion for Summary Judgment should be <u>granted</u>.  To put it simply, on this record the Court must conclude that there is no genuine issue as to any material fact, and that the respondent is entitled to a judgment as a matter of law.  <u>See</u> Fed.R.Civ.P. 56(c).  Thus, the respondent's Motion for Summary Judgment will be <u>granted</u>.

**NOW, THEREFORE, IT IS ORDERED:**

1.  That the respondent's Motion for Summary Judgment is **GRANTED**;

2.  That the petitioner's Petition for a Writ of <u>Habeas</u>

<u>Corpus</u> is **DENIED and DISMISSED;** and

    3.  That the Clerk shall send copies of this Order to the parties.

    **SO ORDERED.**

**Signed: October 28, 2005**

Graham C. Mullen
Chief United States District Judge